```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 06-60750-CIV-COHN
                                    MAGISTRATE JUDGE P. A. WHITE

WILLIE SMITH,                    :

       Plaintiff,                :

v.                               :    REPORT OF
                                      MAGISTRATE JUDGE
MARY ANNE BELLE, ET AL.,         :

       Defendants.               :
_____
```

I.   Introduction

This Cause is before the Court upon the defendant Belle's Motion to Dismiss. [DE# 36].

On May 26, 2006, Willie Smith, currently housed at the Martin Correctional Institution, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1].

The plaintiff named as defendants Assistant State Attorney Mary Anne Belle[1]; Broward County Deputy Sheriffs Armando Enrique, Mary Anne Letterieri, Brian McDonald and Persac; and Broward County Sheriff Ken Jenne. The plaintiff alleged that Belle, Enrique, Letterieri and McDonald engaged in malicious prosecution in criminal proceedings for a felony of aggravated neglect that ended in an acquittal of said charge on May 2, 2002. He further alleged that Jenne violated his due process rights by adhering to an agency wide policy of falsifying police reports. He also alleged that on an unknown date following his arrest in October, 2000, Persac engaged in excessive force at the Broward County Jail, resulting in permanent physical injuries.

---

[1] The defendant "Mary Anne Belle" has indicated that he correct name is Marianne C. Bell.

Upon an initial review of the Complaint, the Court determined that the plaintiff must amend the Complaint to provide additional information in order for the Court to determine if the Complaint may proceed. The plaintiff was ordered to provide the following information:

1. A receipt or other written documentation showing the date he gave this Complaint to prison authorities for filing.

2. Copies of his pending state court civil actions involving the defendants named in this Complaint, or a description of the basis of these actions, and the status of the pending civil actions.

3. The date that Persac allegedly injured him, and copies of any grievances or other administrative procedures he may have filed in the Broward County Jail related to this incident.

On August 24, 2006, the plaintiff filed an Amended Complaint. [DE# 9]. The plaintiff provided documentation to show that he gave his Complaint to prison authorities on April 25, 2006. The plaintiff stated that he has a pending state court action raising the same factual claims he raises in this case but raising only state law claims, and the state court action has not yet commenced. The plaintiff also filed a copy of the grievance he filed against Persac dated August 9, 2001, claiming that on that date Persac threw him against a wall and physically injured him. The plaintiff raised the following factual allegations:

1. Detective Letterieri arrested the plaintiff on or before October 27, 2000 on charges that he kept a person locked

2

       in a cage on his property. The plaintiff was acquitted of the charges following a trial on May 2, 2002.

2. Detective McDonald assisted Letterieri in arresting him, but testified at the trial that he had no knowledge that the plaintiff allegedly had kept someone in a cage, despite co-signing an arrest affidavit with Letterieri.

3. Deputy Enriquez supported the arrest affidavit allegedly falsified by McDonald and Letterieri, and at trial he stated he had no knowledge of the crime.

4. Assistant State Attorney Bell prosecuted the plaintiff despite discovering that the arrest affidavit was false when the alleged victim testified at a pretrial deposition that the allegations were untrue.

5. Sheriff Jenne has condoned a policy of permitting his deputies to file falsified arrest reports and affidavits, as supported by newspaper articles detailing other alleged incidents of false arrest affidavits.

6. Sergeant Owens kept the plaintiff in custody more than 110 days after he had posted bond.

7. On August 9, 2001, Deputy Persac threw him into a wall and physically injured him.

The Magistrate Judge issued a Report recommending that the claim against Persac be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted; and the case proceed against Belle, Enrique,

Letterieri and McDonald on claims of Fourth Amendment violations and against Jenne on the Monell claim. [DE# 10]. The Honorable James I. Cohn issued an Order adopting these recommendations. [DE# 22].

The defendants Enrique, Jenne and McDonald filed an Answer on February 26, 2007. [DE# 39]. The United States Marshal was unable to personally serve defendant Letterieri. [DE# 34]. This Court entered an Order, on February 5, 2007, advising the plaintiff that he must supply a current name (the Marshal noted that he was told that Letterieri was possibly a "married" name) and address for this defendant, and he could attempt to get this information via the discovery process. [DE# 35]. To date, the plaintiff has not supplied any information for service.

On February 26, 2007, the defendant Belle filed a Motion to Dismiss [DE# 36], arguing that she is entitled to absolute or qualified immunity from suit.[2]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint

---

[2] The defendant also correctly points out that the plaintiff seeks no relief against her. This omission violates Rule 8(a)(3) of the Federal Rules of Civil Procedure, which requires that a civil complaint include "a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a). Based on the Court's conclusion that the defendant is entitled to absolute immunity, this omission need not be addressed.

4

are true.  See, e.g., United States v. Gaubert, 499 U.S. 315, 327 (1991); Powell v. Lennon, 914 F.2d 1459, 1463 (11 Cir. 1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff.  See, e.g., Brower v. County of Inyo, 489 U.S. 593, 598 (1989).  Generally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In re Johannessen, 76 F.3d 347, 349 (11 Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The specific allegations in the Amended (Operative) Complaint against Belle are as follows:

> Assistant State Attorney Mary Anne Bell knew that the complaint affidavit filed by Detectives Letterieri and McDonald was falsified when during pretrial depositions, the alleged victim in this case . . . gave testimony that indicated that the allegations in the complaint affidavit were untrue. Ms. Bell still proceeded to prosecute Plaintiff Smith despite this knowledge. [DE# 9 at 4].

The plaintiff has failed to state a claim for relief against Belle.  "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." Smith v. Shorstein, 2007 WL 460831 (11 Cir., Feb. 13, 2007), citing Rivera v. Leal, 359 F.3d 1350, 1353 (11 Cir. 2004). Such absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Jones v. Cannon, 174 F.3d 1271, 1281 (11 Cir.1999) (citations omitted).  So long as such acts are within the "scope and territorial jurisdiction of his office," the prosecutor is absolutely immune from an action for damages under §1983.  Elder

5

<u>v. Athens-Clarke County, Ga. Through O'Looney</u>, 54 F.3d 694, 695 (11 Cir. 1995).

In this case, the plaintiff alleges only that Belle engaged in acts in her role as a government advocate in deciding to initiate and continue prosecuting the plaintiff.  No facts indicate that Belle acted outside of her territorial jurisdiction. Thus, the defendant Belle is entitled to absolute prosecutorial immunity.

Based on the foregoing, it is recommended that defendant Belle's Motion to Dismiss **[DE# 36]** be granted, and she be dismissed as a party to this civil action.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 2nd day of April, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Willie Smith, <u>Pro Se</u>
     No. L40992
     South Bay Correctional Facility
     600 U.S. Highway 27 South
     South Bay, FL 33493

     Valerie J. Martin, Esq.
     Assistant Attorney General
     Republic Tower - Tenth Floor
     110 Southeast Sixth Street
     Ft. Lauderdale, FL 33301

     Alain E. Boileau, Esq.
     Dieter Klaus Gunther, Esq.
     Adorno & Yoss
     888 S.E. 3rd Avenue
     Suite 500
     Fort Lauderdale, FL 33335-9002