UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60750-CIV-COHN

WILLIE SMITH,

Magistrate Judge White

    Plaintiff,

vs.

MARY ANNE BELL, et al.

    Defendants.
_____/

## ORDER GRANTING DEFENDANT BELL'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss [DE 36], the Report and Recommendation [DE 41] of Magistrate Judge Patrick A. White, Plaintiff Willie Smith's Objections thereto [DE 46], and Defendant's Motion to Strike Plaintiff's Objections [DE 49]. The Court has carefully considered the matter and is otherwise fully advised in the premises. The matter became ripe on June 1, 2007, the deadline for Plaintiff to respond to Defendant's Motion to Strike.

### I. MOTION TO STRIKE

The Court first addresses the issue of the timeliness of Plaintiff's Objections. Plaintiff's Objections, though received and docketed by the Clerk's office on Friday, May 11, 2007, were submitted to prison officials on May 7, 2007, and mailed by prison officials on May 8, 2007. The objections were due on May 7, 2007, pursuant to the Court's Order dated April 24, 2007 [DE 44]. The Court therefore denies Defendant's motion to strike, and treats the motion as a response to the objections.

### II. MOTION TO DISMISS

In addressing the merits of the motion to dismiss, the Court has fully considered the objections and conducted a de novo review of the Report of the Magistrate Judge.

Plaintiff objects to Judge White's recommendation that the claims against Assistant State Attorney Mary Ann Bell be dismissed on grounds of absolute immunity.

Plaintiff filed a civil rights action against various Broward County Deputy Sheriffs, Broward County Sheriff Ken Jenne, and Assistant State Attorney Mary Anne Bell (actually Marianne C. Bell). The claim against Bell is for malicious prosecution, based upon the allegations that she knew that the complaint affidavit filed by Defendants Letterieri and McDonald was falsified when the alleged victim gave pretrial testimony that indicated the allegations in the complaint were untrue.

A prosecutor has absolute immunity for actions taken as an advocate, but only qualified immunity when performing a function that is not associated with her role as an advocate for the state. Jones v. Cannon, 174 F.3d 1271, 1281-82 (11th Cir. 1999). The Courts must look to the nature of the function performed. Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993). Plaintiff thus argues that Bell's transgression in this case occurred during the investigatory phase of the case after certain depositions were taken, and not at trial, and therefore not absolutely immune from liability.

However, the allegation of malicious prosecution is based upon Bell's actions in continuing (or beginning) the prosecution of the case. What is alleged to have violated Plaintiff's rights is her decision to seek imprisonment of Plaintiff even though she was made aware (or should have been aware) of exculpatory evidence. This function of seeking imprisonment through prosecution of the case is taken as an advocate of the state, and therefore absolute immunity applies.

The cases cited by Plaintiff do not change this conclusion. In fact, Kelly v. Curtis, 21 F.3d 1544 (11th Cir. 1994), did not involve the liability of a prosecutor, but

rather discussed the qualified immunity of detectives. The full quotation from <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985), states that: "[T]hey [prosecutors] are absolutely immune from section 1983 claims that they offered false testimony or suppressed material at trial, filed charges without investigation or jurisdiction, filed groundless detainers, suppressed exculpatory evidence, refused to investigate prison complaints or threatened defendants with vindictive criminal prosecutions." While Plaintiff focuses on the "at trial" language, the next two clauses more accurately describe the allegation in this case, that Bell continued to prosecute the case while relying on false testimony. The case law does not limit the actions that are absolutely immune to only those taken "at trial."

This Court thus agrees with the reasoning and analysis of the Magistrate Judge that the claims against Assistant State Attorney Bell be dismissed for failure to state a claim due to her absolute immunity.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Strike Plaintiff's Objections [DE 49] is hereby **DENIED**;

2. Plaintiff's Objections [DE 46] are hereby **OVERRULED**;

3. The Magistrate's Report and Recommendation [DE 41] is hereby **ADOPTED**;

4. Defendant's Motion to Dismiss [DE 36] is hereby **GRANTED**. Defendant Bell is therefore **DISMISSED** from this action, without prejudice;

5. The deadline to amend pleadings was previously set for and remains July 5,

---

[1] Plaintiff's Objections are also based upon a desire to file another amended complaint. Plaintiff filed a Proffer of the Proposed Second Amended Complaint [DE 50], after which the Magistrate Judge entered an order noting that the deadline for filing of such Complaints is July 5, 2007 [DE 53].

3

2007.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _12th_ day of June, 2007.

_____
JAMES I. COHN
United States District Judge

copies to:

Willie Smith, pro se
DC #L40992
South Bay Correctional Facility B3-106
600 U.S. Highway 27 South
South Bay, FL 33493

Valerie J. Martin, AAG
Alain Boileau, Esq./Dieter Gunther, Esq.