```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 06-60750-CIV-COHN
                              MAGISTRATE JUDGE P. A. WHITE

WILLIE SMITH,                 :

     Plaintiff,               :

v.                            :    REPORT OF
                                   MAGISTRATE JUDGE
MARY ANNE BELLE, ET AL.,      :

     Defendants.              :
_____
```

## I. Introduction

This Cause is before the Court upon the joint Motion to Dismiss the Plaintiff's Second Amended Complaint filed by the defendants Enrique, McDonald and Jenne. [DE# 62].

On May 26, 2006, Willie Smith, currently housed at the South Bay Correctional Facility, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1].

The plaintiff named as defendants Assistant State Attorney Mary Anne Belle[1]; Broward County Deputy Sheriffs Armando Enrique, Mary Anne Letterieri, Brian McDonald and Persac; and Broward County Sheriff Ken Jenne. The plaintiff alleged that Bell, Enrique, Letterieri and McDonald engaged in malicious prosecution in connection with criminal proceedings for a felony of aggravated neglect that ended in an acquittal of said charge on May 2, 2002. He further alleged that Jenne violated his due process rights by adhering to an agency wide policy of falsifying police reports. He also alleged that on an unknown date following his arrest in

---

[1] The former defendant "Mary Anne Belle" indicated that her correct name is Marianne C. Bell.

October, 2000, Persac engaged in excessive force at the Broward County Jail, resulting in permanent physical injuries.

Upon an initial review of the Complaint, the Undersigned determined that the plaintiff needed to amend the Complaint to provide additional information in order to determine if the Complaint may proceed. The plaintiff was ordered to provide the following information:

1. A receipt or other written documentation showing the date he gave this Complaint to prison authorities for filing.

2. Copies of his pending state court civil actions involving the defendants named in this Complaint, or a description of the basis of these actions, and the status of the pending civil actions.

3. The date that Persac allegedly injured him, and copies of any grievances or other administrative procedures he may have filed in the Broward County Jail related to this incident.

On August 24, 2006, the plaintiff filed an Amended Complaint. [DE# 9]. The plaintiff provided documentation to show that he gave his Complaint to prison authorities on April 25, 2006. The plaintiff stated that he has a pending state court action raising the same factual claims he raises in this case but raising only state law claims, and the state court action has not yet commenced. The plaintiff also filed a copy of the grievance he filed against Persac dated August 9, 2001, claiming that on that date Persac threw him against a wall and physically injured him. The plaintiff raised the following factual allegations:

2

1. Detective Letterieri arrested the plaintiff on or before October 27, 2000 on charges that he kept a person (Cynthia Stokell) locked in a cage on his property. The plaintiff was acquitted of the charges following a trial on May 2, 2002.

2. Detective McDonald assisted Letterieri in arresting him, but testified at the trial that he had no knowledge that the plaintiff allegedly had kept Stokell in a cage, despite co-signing an arrest affidavit with Letterieri.

3. Deputy Enriquez supported the arrest affidavit allegedly falsified by McDonald and Letterieri, and at trial he stated he had no knowledge of the crime.

4. Assistant State Attorney Bell prosecuted the plaintiff despite discovering that the arrest affidavit was false when the alleged victim Stokell testified at a pretrial deposition that the allegations were untrue.

5. Sheriff Jenne has condoned a policy of permitting his deputies to file falsified arrest reports and affidavits, as supported by newspaper articles detailing other alleged incidents of false arrest affidavits.

6. Sergeant Owens kept the plaintiff in custody more than 110 days after he had posted bond.

7. On August 9, 2001, Deputy Persac threw him into a wall and physically injured him.

The Undersigned issued a Report recommending that the claim against Persac be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted; and the case proceed against Bell, Enrique, Letterieri and McDonald on claims of Fourth Amendment violations and against Jenne on the <u>Monell</u> claim. [DE# 10]. The Honorable James I. Cohn issued an Order adopting these recommendations. [DE# 22].

The defendants Enrique, Jenne and McDonald filed an Answer on February 26, 2007. [DE# 39]. The United States Marshal was unable to personally serve defendant Letterieri. [DE# 34]. An Order was entered on February 5, 2007 advising the plaintiff that he must supply a current name (the Marshal noted that he was told that Letterieri was possibly a "married" name) and address for this defendant, and advising that he could attempt to get this information via the discovery process. [DE# 35]. To date, the plaintiff has not supplied any information for service.

On February 26, 2007, the defendant Bell filed a Motion to Dismiss [DE# 36], arguing that she is entitled to absolute or qualified immunity from suit.[2] On April 5, 2007, the Undersigned issued a Report recommending that the defendant Bell's Motion to Dismiss be granted, and she be dismissed as a defendant in this case. [DE# 41]. The Honorable James I. Cohn issued an Order adopting these recommendations. [DE# 54].

---

[2] The defendant also correctly pointed out that the plaintiff sought no relief against her. This omission violates Rule 8(a)(3) of the Federal Rules of Civil Procedure, which requires that a civil complaint include "a demand for judgment for the relief the pleader seeks." <u>Fed.R.Civ.P.</u> 8(a).

4

The plaintiff filed a Second Amended Complaint, without leave of Court, on August 13, 2007. [DE# 59].  The defendants Enrique, McDonald and Jenne have filed a joint Motion to Dismiss this Second Amended Complaint. [DE# 63].

The Second Amended Complaint [DE# 59] is presently before the Court.  Leave of Court is required for the plaintiff to proceed with this Second Amended Complaint.  <u>Fed.R.Civ.P.</u> 15(a).  To determine whether the plaintiff should be granted leave to amend, the proposed second amended complaint will be analyzed pursuant to 28 U.S.C. §1915.

## II.  <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i)  is frivolous or malicious;

5

>     (ii) fails to state a claim on which
>     relief may be granted; or
>
>     (iii) seeks monetary relief from a
>     defendant who is immune from such
>     relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).[3]  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).  An action is considered "frivolous" if it is "without arguable merit either in law or fact."  Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

---

[3]  Because the standards are the same, this screening will also serve as the basis for analyzing the joint Motion to Dismiss.

Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, the federal rules do require "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  See Fed.R.Civ.P. 8(a); Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11 Cir. 2001), cert. denied, 534 U.S. 1129 (2002).  While notice pleading does not require the complainant to allege a fact to cover every element of a claim, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Id. (quotations and citations omitted).  "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11 Cir. 1998).

     The plaintiff raises the following factual and legal allegations in the Second Amended Complaint.  The plaintiff was arrested on October 25, 2000 following a traffic stop in Martin County.  He was released, and he returned home to Broward County the next day. On October 27, 2000, Enrique responded to a 911 call and inspected the plaintiff's property, which the plaintiff characterizes as an unlawful entry.  It is not clear who made the 911 call or when it was made, although the plaintiff states in the Amended Complaint that he had made a 911 call when his father, who suffers from Alzeimer's disease, had wandered off his property in 1999.  On the same day, the plaintiff made a second 911 call because his father was missing.   Enrique responded again, and after "blaming, baggering and cajoining" [sic] the plaintiff he called for assistance and Letterieri and McDonald arrived at the plaintiff's home.  McDonald drove the plaintiff to his uncle's home, then back to the plaintiff's home.  Letterieri entered the plaintiff's home without permission and spoke to "Phillip" on the telephone. Letterieri then had four uniformed officers come inside and she demanded to see Stokell.  After speaking with Stokell,

Letterieri arrested the plaintiff without advising him of his Miranda rights.

McDonald then interrogated the plaintiff at the police station despite the fact that the plaintiff had been awake for 27 hours. McDonald refused to answer the plaintiff's requests as to whether he had a right to an attorney, and continued to question him after the plaintiff asserted his right to an attorney. McDonald threatened to arrest the plaintiff's wife if he wouldn't cooperate.

On October 29, 2000 the plaintiff posted bond on charges of aggravated elderly abuse and resisting arrest without violence and he was released from custody on October 31, 2000. The plaintiff was taken into custody on February 9, 2001 because he had failed to appear at an arraignment, and his bond was revoked. On July 14, 2001 the plaintiff again posted bond, but was not released. He alleges that he inquired as to his status with Owens.

On August 9, 2001 Persac engaged in excessive force.

The plaintiff claims that Bell deposed Letterieri and McDonald who both said they had no knowledge that the plaintiff had confined Stokell against her will or had mistreated her. Despite this and other exculpatory evidence, she continued to prosecute him, which he believes was to cover up Letterieri's and McDonald's illegal entry into his home. Bell also withheld an amended information until the first day of trial. He further alleges that Letterieri, McDonald and Enrique submitted perjured testimony during trial. They allegedly lied about the conditions of his residence, their entry into his home, the manner in which the plaintiff was physically restrained and the gathering of the evidence.

The plaintiff raises the following general causes of action, described in more detail below.

1. Enrique violated the plaintiff's Fourth Amendment rights by illegally entering and searching the plaintiff's property and he violated the plaintiff's First Amendment rights by entering and searching the plaintiff's property in retaliation for the plaintiff "expressing his opinion of said Defendant's character and conduct . . . ."

2. Enrique's actions (above) violated Florida statutory and constitutional law.

3. Enrique violated the plaintiff's First Amendment rights by verbally harassing him in retaliation for the plaintiff "expressing his opinion of said Defendant's character and conduct . . . ."

4. Enrique's actions (above) violated Florida statutory and constitutional law.

5. Enrique violated the plaintiff constitutional rights by committing perjury in his criminal trial.

6. Enrique's actions (above) violated Florida statutory and constitutional law.

7. Lettieri engaged in an illegal search and seizure.

8. Letterieri's actions (above) violated Florida statutory and constitutional law.

9. Letterieri violated the plaintiff's First and Fourteenth Amendment rights when she interrupted the plaintiff's private telephone communication and seized the telephone.

10. Letterieri's actions (above) violated Florida statutory and constitutional law.

11. Letterieri violated the plaintiff's First and Fourteenth Amendment rights when she executed a false arrest in retaliation for the plaintiff complaining about her illegal search and seizure.

12. Letterieri's actions (above) violated Florida statutory and constitutional law.

13. Letterieri violated the plaintiff constitutional rights by committing perjury in his criminal trial.

14. Letterieri's actions (above) violated Florida statutory and constitutional law.

15. McDonald engaged in an illegal entry into his home in violation of the Fourth Amendment.

16. McDonald's actions (above) violated Florida statutory and constitutional law.

17. McDonald violated the plaintiff's constitutional rights by interrogating him without providing <u>Miranda</u> warnings, in retaliation for complaining about illegal search and seizure.

18. McDonald's actions (above) violated Florida statutory and constitutional law.

19. McDonald violated the plaintiff's constitutional rights by committing perjury in his criminal trial.

20. McDonald's actions (above) violated Florida statutory and constitutional law.

21. Owens falsely imprisoned the plaintiff in violation of federal and state law.

22. Persac engaged in excessive force.

23. Bell engaged in malicious prosecution.

24. Jenne failed to ensure that appropriate methods were in place to guarantee that all BSO personnel were adequately qualified, trained, supervised so that they would not engage in misconduct, fraud and falsification of documents in violation of federal and state law.

25. The defendants conspired to violate the plaintiff's rights under federal and state law.

The plaintiff has attached exhibits which show that he was charged with one count of aggravated elderly abuse of Willie Zack Smith (his father); one count of abuse of a disabled person (Stokell); and one count of resisting arrest without violence, when he resisted the efforts of Detective Maryann Reffett (not a defendant) to handcuff him. The defendants have submitted exhibits showing that the plaintiff was convicted of the count of aggravated elderly abuse of Willie Zack Smith (his father) and apparently acquitted of the other two charges on May 2, 2002.[4]

### Defendants Bell and Persac

The plaintiff raises no new claims against Bell and Persac, who have been dismissed as parties to this civil action.

### Defendant Enrique

---

[4] These exhibits are purportedly official state court records. Rather than converting the motion to dismiss to a motion for summary judgment, the Court takes judicial notice of these documents.

11

This case is proceeding against Enrique on the claim that he violated the plaintiff's constitutional rights by engaging in malicious prosecution.  The Second Amended Complaint raises the following claims:

1. Enrique violated the plaintiff's Fourth Amendment rights by illegally entering and searching the plaintiff's property.

2. Enrique violated the plaintiff's First Amendment rights by entering and searching the plaintiff's property and verbally harassing him in retaliation for the plaintiff "expressing his opinion of said Defendant's character and conduct . . . ."

3. Enrique's actions violated Article One, Section Five of the Florida Constitution and Florida Stat. §§839.35 and 112.313.

4. Enrique violated the plaintiff's First, Fifth and Fourteenth Amendment rights by committing perjury in his criminal trial in retaliation for the plaintiff's expressing his opinion about his character, violated his Florida constitutional right to due process and a fair trial and violated Florida Stat. §§839.35, 112.313 and 843.0855.

### Unlawful Search Claims

The plaintiff's claims that Enrique violated his First and Fourth Amendment rights, state constitutional rights and rights under state law by engaging in a retaliatory search and harassing him are barred by the applicable statute of limitations.

A district court may <u>sua sponte</u> dismiss a <u>pro se</u> civil rights action for failure to state a claim pursuant to 28 U.S.C.A. § 1915(e) on grounds that the face of the complaint clearly establishes that it is barred by the applicable statute of

limitations. See Pino v. Ryan, 49 F.3d 51 (2 Cir. 1995). The plaintiff had four years from October 27, 2000, the date of the alleged illegal search and harassment to file a civil action, and missed the deadline by filing his complaint with the Clerk of Court on April 25, 2006.[5]

In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that the length of the limitations period in actions pursuant to 42 U.S.C. §1983, and the closely related questions of tolling and applications, are to be governed by state law. The Court further held that these cases are best characterized as personal injury actions. Such claims in Florida are governed by Fla.Stat. §95.11(3)(a), actions founded on negligence, or Fla.Stat. §95.11(3)(o), actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or other intentional tort, except as provided in other sections. Both of these sections establish four year periods of limitations.

Later, the Supreme Court decided Owens v. Okure, 488 U.S. 235 (1989), which held that when a State has multiple statutes of limitations for personal injury actions as does Florida, courts considering §1983 claims should borrow the State's general or

---

[5] Although the complaint was actually filed on May 26, 2006, the plaintiff signed the complaint on April 25, 2006, and it is deemed filed on this earlier date, presumably the date the plaintiff handed the document to prison officials for mailing to the Court. Unlike "free world" litigants, the date an incarcerated individual "files" a complaint is the date it is delivered to prison authorities for mailing. Garvey v. Vaughn, 993 F.2d 776 (11 Cir. 1993). The Garvey Court held that the so-called "mailbox rule" announced in Houston v. Lack, 487 U.S. 266 (1988) applies not only to notices of appeal, but to complaints in 42 U.S.C. §1983 actions, in Federal Tort Claims Act cases, and in Bivens actions. Id.

13

residual personal injury statute of limitations. In Florida, this is Fla.Stat. §95.11(3)(p), four years for actions not specifically provided for. The Supreme Court has also held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should also apply any state statute tolling the limitations period for prisoners. Hardin v. Straub, 490 U.S. 536 (1989). Florida has a general tolling statute, Fla.Stat. §95.051, but it does not toll limitations periods for prisoners.

Thus, the length of the limitations period, determined by state law, is four years. The uniform rule in computing time periods is that the first day of the period is excluded from the computation, and the last day is included. McMillen v. Hamilton, 48 So.2d 162 (Fla. 1950); Fla.R.Civ.P. 1.090(a). Because the plaintiff's injuries allegedly occurred on October 27, 2000, his last day to file a civil action was October 27, 2004. The complaint in this case was filed on April 25, 2006, well beyond the expiration of the four year period of limitations.

### Perjury Claims

The plaintiff alleges that Enrique violated his First, Fifth and Fourteenth Amendment rights by committing perjury in his criminal trial in retaliation for the plaintiff's expressing his opinion about his character, and violated Florida Stat. §§839.35, 112.313 and 843.0855. These claims are presumably timely, as it appears that the criminal trial was on or around May 2, 2002 and the Complaint was filed in April, 2006.

The plaintiff has failed to raise sufficient facts to set forth a First Amendment claim against Enrique. The allegations do not support a claim that the alleged perjury in 2002 was in

14

retaliation for the plaintiff's comments made in 2000. There is also no civil cause of action for perjury.

The Florida courts have generally declined to recognize damage actions for violations of the Florida Constitution itself. See Garcia v. Reyes, 697 So. 2d 549, 551 (Fla. 4th DCA 1997); Tucker v. Resha, 634 So. 2d 756, 759 (Fla. 1st DCA 1994); DeMarco v. Publix Super Markets, Inc., 360 So. 2d 134, 136 (Fla. 3rd DCA 1978). Private civil actions for damages should be distinguished from equitable actions seeking declaratory and/or injunctive relief. When such relief is sought, provisions of the Florida Constitution may be judicially enforceable. See, e.g., Department of Revenue v. Kuhnlein, 646 So. 2d 717, 721 (Fla. 1994) (refusing to find sovereign immunity when the state is sued for equitable relief to enforce provisions of the Florida and U.S. Constitutions). Thus, the plaintiff may not seek monetary damages against Enrique under the Florida Constitution.

Further, no private cause of action exists under constitutional right to due process and a fair trial and violated Florida Stat. §§839.25 (repealed), 112.313 and 843.0855.

### Defendant McDonald

This case is proceeding against McDonald on the claim that he violated the plaintiff's constitutional rights by engaging in malicious prosecution. The Second Amended Complaint raises the following claims:

1. McDonald engaged in an illegal entry into his home in violation of his Fourth Amendment rights and violated Florida Stat. §§839.35 and 112.313.

2. McDonald violated the plaintiff's Fifth, Sixth and Fourteenth Amendment rights by interrogating him without providing

15

>
> Miranda warnings and falsifying a waiver form in retaliation
> for complaining about illegal search and seizure.
>
> 3.  McDonald's actions (above) violated his Florida constitutional right to due process and violated Florida Stat. §§839.35, 112.313, 831.01 and 843.0855.
>
> 4.  McDonald violated the plaintiff's First, Fifth and Fourteenth Amendment rights by committing perjury in his criminal trial in retaliation for the plaintiff's complaints about the illegal search and seizure.
>
> 5.  McDonald's actions (above) violated his Florida constitutional right to due process and a fair trial and violated Florida Stat. §§839.35, 112.313 and 843.0855.

### Search, Seizure and Interrogation Claims

The claims that McDonald engaged in an illegal entry into his home interrogated him without providing Miranda warnings and falsifying a waiver form in retaliation for complaining about illegal search and seizure, in violation of state and federal law, are untimely.

Because the plaintiff's injuries allegedly occurred on October 27, 2000, his last day to file a civil action was October 27, 2004. The complaint in this case was filed on April 25, 2006, well beyond the expiration of the four year period of limitations.

### Perjury Claims

The plaintiff alleges that McDonald violated his First, Fifth and Fourteenth Amendment rights by committing perjury in his criminal trial in retaliation for the plaintiff's expressing his

16

opinion about his character, and violated Florida Stat. §§839.35, 112.313 and 843.0855.  These claims are presumably timely, as it appears that the criminal trial was on or around May 2, 2002 and the Complaint was filed in April, 2006.

The plaintiff has failed to raise sufficient facts to set forth a First Amendment claim against McDonald.  The allegations do not support a claim that the alleged perjury in 2002 was in retaliation for the plaintiff's comments made in 2000.  There is also no civil cause of action for perjury.

Further, the plaintiff may not seek monetary damages against McDonald under the Florida Constitution, and no private cause of action exists under constitutional right to due process and a fair trial and violated Florida Stat. §§839.25 (repealed), 112.313 and 843.0855.

### Defendant Jenne

The plaintiff alleges that Jenne failed to ensure that appropriate methods were in place to guarantee that all BSO personnel were adequately qualified, trained, supervised so that they would not engage in misconduct, fraud and falsification of documents in violation of federal and state law.  This claim is substantially similar to the original claim, his constitutional injury was a result of a pattern and practice of false police reports filed by Broward County sheriff's deputies, as supported by articles detailing such incidents.  The gravamen of this claim is that Jenne's actions or inactions were the cause of the allegedly false police reports filed in October, 2000.

Upon further review of the claims against Jenne, the Undersigned now concludes that the claims are untimely.  Because the plaintiff's injuries allegedly occurred on October 27, 2000,

17

his last day to file a civil action was October 27, 2004. The complaint in this case was filed on April 25, 2006, well beyond the expiration of the four year period of limitations.

### Defendant Owens

The plaintiff alleges that Owens, in 2001, falsely imprisoned him when he failed to release him from custody after the plaintiff posted bond. This claim is untimely. Because the plaintiff's injuries allegedly occurred in 2001, his last day to file a civil action was sometime in 2005. The complaint in this case was filed on April 25, 2006, well beyond the expiration of the four year period of limitations.

### Defendant Letterieri

The plaintiff has not accomplished service of process upon the defendant Letterieri within the time period prescribed by the Federal Rules and it is therefore recommended that this defendant be dismissed as a party to this action for lack of prosecution pursuant to Fed.R.Civ.P. 4(m). Fed.R.Civ.P. 4(m) provides that a defendant may be dismissed from a civil action if not served with process within 120 days of the date the complaint was filed.

### Remaining Claims

The plaintiff has also failed to state a claim for relief against the defendants Enrique and McDonald in their official capacities, as to any Eighth Amendment claims, conspiracy claims, claims arising under 42 U.S.C. §§1985, 1986 or any other claims not specifically addressed herein.

### III. Recommendation

Based on the foregoing, it is recommended that:

1. The defendant Letterieri be dismissed as a party to this action pursuant to Rule 4(m).

2. The defendants Owens and Jenne be dismissed as parties to this action pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

3. Leave of court be granted to the plaintiff to proceed on the Second Amended Complaint only to the extent that it provides factual support for his malicious prosecution claims against Enrique and McDonald.

4. Leave of court be denied insofar as the plaintiff seeks to raise any additional claims.

5. The Motion to Dismiss [DE# 62] be denied insofar as the Second Amended Complaint provides factual support for the malicious prosecution claims against Enrique and McDonald; and granted in all other respects.

6. The Operative Complaint be the Amended Complaint [DE# 9] and the Second Amended Complaint [DE# 59] only to the extent that it provides factual support for his malicious prosecution claims against Enrique and McDonald.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 20TH day of September, 2007.

                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE


cc:   Willie Smith, <u>Pro Se</u>
      No. L40992
      South Bay Correctional Facility
      600 U.S. Highway 27 South
      South Bay, FL 33493

      Valerie J. Martin, Esq.
      Assistant Attorney General
      Republic Tower - Tenth Floor
      110 Southeast Sixth Street
      Ft. Lauderdale, FL 33301

      Alain E. Boileau, Esq.
      Dieter Klaus Gunther, Esq.
      Adorno & Yoss
      888 S.E. 3rd Avenue
      Suite 500
      Fort Lauderdale, FL 33335-9002