UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60750-CIV-COHN

WILLIE SMITH,

Magistrate Judge White

    Plaintiff,

vs.

MARY ANNE BELL, et al.

    Defendants.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATIONS
### ORDER GRANTING IN PART DEFENDANTS ENRIQUE, MCDONALD AND JENNE'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss [DE 62], the Report and Recommendation [DE 65] of Magistrate Judge Patrick A. White, and Plaintiff Willie Smith's Objections thereto [DE 78/79]. The Court has carefully considered the matter and is otherwise fully advised in the premises.

## I. BACKGROUND

In addressing the merits of the motion to dismiss, the Court has fully considered the objections and conducted a de novo review of the Report of the Magistrate Judge. Plaintiff Willie Smith ("Plaintiff" or "Smith") objects to Judge White's recommendation that the only claims to proceed to trial are the malicious prosecution claims against Defendants Enrique and McDonald.

Plaintiff filed a civil rights action against various defendants, including Broward County Deputy Sheriffs Armando Enrique, Mary Anne Letterieri, Brian McDonald, and Persac, Broward County Sheriff Ken Jenne, and Assistant State Attorney Mary Anne Bell (actually Marianne C. Bell). The claim against Bell, for malicious prosecution, was previously dismissed based upon absolute immunity [DE 54], while the claim against

Persac for excessive force was also previously dismissed [DE 22]. The Court hereby adopts the factual recitation of Plaintiffs' allegations described in the Report of Judge White at pages 7-11, as well as the standard of review of the Second Amended Complaint.

## II. DISCUSSION

### A. Time Barred Claims

The Court agrees with the Report of the Magistrate Judge that Smith's claims with regard to any allegedly unlawful search of his home in October of 2000 is time-barred. Smith objects to the Report on the grounds that the Heck v. Humphrey doctrine required him to wait to bring his 1983 action until his partial acquittal at his 2002 trial.[1] Heck v. Humphrey, 512 U.S. 477 (1994). However, the Eleventh Circuit has held since at least 1995, that Heck v. Humphrey is not a bar to a claim of illegal search or seizure, as a "successful § 1983 action does not necessarily imply the invalidity of a conviction." Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Datz v. Kilgore, 51 F.3d 252, 253, n.1 (11th Cir. 1995)). Therefore, all the claims relating to unlawful search or seizure, or failure to give Miranda warnings occurring in 2000 are time barred, as the Complaint in this was not initiated until April of 2006, passed the four-year statute of limitations for such action.

### B. Retaliation Claims

Plaintiff also objects to the Magistrate's conclusion that his Section 1983 retaliation claims fail to state a claim. The test for a Section 1983 retaliation claim for

---

[1] In Defendants' motion, they raise Heck v. Humphrey as a complete bar to Plaintiff's claims. However, Plaintiff was only convicted of one count of elder abuse as to a male relative, and acquitted of elder abuse as to Cynthia Stokell. Therefore, Heck would not preclude claims as to the prosecution of him as to Stokell.

violation of the First Amendment, whether by a private citizen or a prisoner is that one must show (1) constitutionally protected conduct, (2) retaliatory conduct adversely affecting the protected speech and (3) a causal connection between the retaliatory actions and the adverse effect on speech. Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005); Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). The Court assumes for purposes of this Order that Plaintiff's allegations that at the time of his arrest his expressions of his opinion of the Defendants' character rises to the level of constitutionally protected speech. Second, the Court also assumes that the alleged retaliatory conduct of police officers giving false testimony at trial could affect one's protected speech about police officers is also sufficient under the above test.

However, as Judge White concluded, there can be no assumption that eighteen months after a police officer is called names by an arrestee, that the officer's alleged false testimony at a trial where a defendant is partially acquitted meets the casual connection requirement. There must be a greater temporal proximity or other evidence of a causal connection to link the protected conduct occurring 18 months prior to the adverse action, as would be the case is most retaliation type analyses. Davis v. Coca-Cola Bottling Co., 516 F.3d 955, 978 (11th Cir. 2008); Brungart v. Bellsouth Telecommunications, Inc., 231 F.3d 791, 799 (11th Cir. 2000).

### C. Conspiracy Claim and Florida Constitutional Claims

Plaintiff also objects to Judge White's conclusion that he failed to properly allege a conspiracy claim, and that the alleged Florida Constitutional claims lack a civil remedy. Here, again, the Court agrees with Judge White's conclusion. In the conspiracy claim (as with the Section 1985/1986 claims), Plaintiff alleges that the

3

conspiracy was directed at all suspects and pre-trial detainees in Broward County. Plaintiff cites to news accounts of charges against other Broward Sheriff's deputies of falsifying of evidence to obtain higher case closure statistics. Even if this "class" is legally cognizable for purposes of a Section 1983 conspiracy claim, Plaintiff's allegations of this conspiracy are conclusory. As to the Florida claims, Plaintiff has not rebutted the case law cited at p. 15 of Judge White's Report.

### D. Added Claims as to Bell and Persac

Plaintiff objects to Judge White's conclusion that no new claims were raised as to Defendants Bell and Persac. Plaintiff is correct that the Second Amended Complaint does add claims against Persac for deliberate indifference to medical needs as to the August 9, 2001 incident. Claims 23 and 24 of Second Amended Complaint [DE 59]. However, instead of alleging excessive force for pushing Plaintiff against a wall upon his return from the prison hospital, Plaintiff has re-alleged the same act as denying Plaintiff use of a wheelchair as deliberate indifference to medical needs. This claim, however, also fails due to the four year statute of limitations.

As to Defendant Bell, Plaintiff added claims 25 and 26, this time alleging that she "deliberately fabricated evidence" to justify criminal charges. In reviewing these claims and the referenced paragraphs purportedly supporting these claims (¶¶ 68-73, 76), the allegations do not change this Court's prior conclusion that Bell's acts as a prosecutor and advocate of the state in this case are protected by absolute immunity.

### E. Defendant Jenne

Plaintiff's objections do not specifically refer to Judge White's recommendation that the claims against Sheriff Jenne be dismissed for reasons of the four year statute

of limitations. As described above, Judge White concluded that the claims arising from the circumstances of Plaintiff's arrest and interrogation in 2000, even if a claim showing Sherrif Jenne's actions were responsible for failing to have adequate training of deputies, should have been filed within four years. These claims stemming from the arrest and initial investigation were not barred by Heck v. Humphrey. Thus, even assuming that Plaintiff did object to the dismissal of the claims against Sheriff Jenne, this Court concludes that Judge White's recommendation as to these claims be adopted.

### F. Defendant Owens

Judge White concluded that the claims against Owens, allegedly responsible for not releasing Plaintiff on bond following the posting of bond in 2001, were also time-barred. The Court adopts this recommendation as well.

### G. Defendant Letterieri

Judge White concluded that Defendant Letterieri was never served within the time period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure, and therefore should be dismissed. This Court agrees.

### III. CONCLUSION

Judge White concluded that all claims against all Defendants be dismissed for failure to state a claim, except the claims against Defendants Enrique and McDonald for malicious prosecution.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 62] is hereby **GRANTED in part** and **DENIED in part**;

5

2. Plaintiff's Objections [DE 78/79] are hereby **OVERRULED**;

3. The Magistrate's Report and Recommendation [DE 62] is hereby **ADOPTED**;

4. Defendants Jenne, Owens and Letterieri are therefore **DISMISSED** from this action;

5. Pursuant to Judge White's Report that this case is ready for trial [DE 73], to which no objections were filed by Defendants, the Court shall separately set this case for trial as to the claims against Defendants Enrique and McDonald for malicious prosecution.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of March, 2008.

JAMES I. COHN
United States District Judge

copies to:

Willie Smith, pro se
DC #L40992
South Bay Correctional Facility B3-106
600 U.S. Highway 27 South
South Bay, FL 33493

Valerie J. Martin, AAG
Alain Boileau, Esq./Dieter Gunther, Esq.

6