UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60750-CIV-COHN

WILLIE SMITH,

Magistrate Judge White

    Plaintiff,

vs.

ARMANDO ENRIQUE and BRIAN MCDONALD,[1]

    Defendants.
_____/

## ORDER DENYING MOTION TO STAY PENDING APPEAL AND TO RECLAIM WRITS
## ORDER DENYING MOTION TO APPOINT COUNSEL

THIS CAUSE is before the Court upon Plaintiff's Motion to Reclaim Writs and Motion to Stay Proceeding Pending Appeal [DE 89] and Motion for Appointment of Counsel and Motion for Oral Argument [DE 91].  The Court has carefully considered the motions and is otherwise fully advised in the premises.

Plaintiff seeks to stay the upcoming trial in this case so as to allow his interlocutory appeal of the Court's dismissal of certain claims and for the Court to appoint counsel on his behalf.  The Court denies the motion on both grounds.

First, Plaintiff is not entitled to an interlocutory appeal on the partial dismissal of his causes of action.  Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162 (11th Cir. 1997); In re Southeast Banking Corp., 69 F.3d 1539, 1547 (11th Cir. 1995). Pursuant to Rule 54(b), this Court could certify that there is no just reason for delay and enter a final judgment as to those claims dismissed.  Fogade v. ENB Revocable Trust,

---

[1] These are the remaining defendants only.

263 F.3d 1274, 1296 (11th Cir. 2001).  However, the Court sees no just reason to certify the dismissed claims in this case.  The remaining claims should continue to conclusion, at which point the Court will enter final judgment, and the parties may then appeal whatever final rulings are made.  In this way, the appellate court need only review the claims one time, not piecemeal.

As to the issue of appointment of counsel, the Court is aware of Plaintiff's prior motions to appoint counsel which were denied by Magistrate Judge White and has reviewed the most recent motion filed.  The cases cited by Plaintiff in support of appointing counsel are from other Circuits.  Within the Eleventh Circuit Court of Appeals, in the context of an <u>incarcerated</u> plaintiff, the Court stated:

> A civil litigant, including a prisoner pursuing a section 1983 action, has no absolute constitutional right to the appointment of counsel.  <u>Wahl v. McIver</u>, 773 F.2d 1169, 1174 (11th Cir.1985); <u>Mekdeci v. Merrell Nat'l Laboratories</u>, 711 F.2d 1510, 1522 n. 19 (11th Cir.1983). The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.  <u>Wahl</u>, 773 F.2d at 1174.

<u>Poole v. Lambert</u>, 819 F.2d 1025, 1028 (11th Cir. 1987); see also <u>Kilgo v. Ricks</u>, 983 F.2d 189, 193 (11th Cir. 1993) ("The key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.").  Counsel should only be appointed in "exceptional circumstances."  <u>Steele v. Shah</u>, 87 F.3d 1266, 1271 (11th Cir. 1996).

In applying this standard to this case, the Court notes that this is not exceptional

circumstances. The essential merits of Plaintiff's malicious prosecution claim are not complicated. In order to recover on a claim of malicious prosecution, the plaintiff must prove six separate elements: (1) the commencement or continuation of an original civil or criminal judicial proceeding; (2) its legal causation by the present defendant against the plaintiff; (3) its bona fide termination in favor of the plaintiff; (4) the absence of probable cause for such prosecution; (5) the presence of malice; and (6) damages conforming to legal standards resulting to the plaintiff. Scozari v. Barone, 546 So.2d 750, 751 (Fla. 3rd DCA 1989). There can be little dispute that there was a criminal action based upon Defendants' actions that partially resulted in a favorable determination for Plaintiff (elements 1 through 3). Plaintiff will have to convince a jury that probable cause was absent and that the Defendants acted with malice, and that Plaintiff suffered damages. These are not complicated issues to be presented.[2]

Plaintiff also appears to argue that his health condition merits appointment of counsel. Plaintiff has not shown sufficient facts to merit such appointment. In addition, the incident allegedly leading to mental impairment occurred seven years ago in 2001. Upon consideration of the record, Plaintiff has not met the standard for appointment of counsel.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Motion to Reclaim Writs and Motion to Stay Proceeding Pending

---

[2] The Court notes that Plaintiff has attempted to obtain counsel, and that the Volunteer Lawyer's Project has twice reviewed this action and been unable to obtain pro bono counsel for Plaintiff. See Plaintiff's Motion to Appoint Counsel at page 15 of 16 of docket entry 91.

Appeal [DE 89] is hereby **DENIED**;

2. Plaintiff's Motion for Appointment of Counsel and Motion for Oral Argument [DE 91] is hereby **DENIED**;

3. This case remains set for trial on the two-week calendar commencing Monday, July 14, 2008, with Calendar Call still set for 9:00am on Thursday, July 10, 2008.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of July, 2008.

JAMES I. COHN
United States District Judge

Copies furnished to:

Willie Smith, pro se
DC #L40992
South Bay Correctional Facility
P.O. Box 7171
South Bay, FL 33493

Alain Boileau, Esq./Robert Schwartz, Esq.