UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60750-CIV-COHN

WILLIE SMITH,

Magistrate Judge White

    Plaintiff,

vs.

ARMANDO ENRIQUE and BRIAN MCDONALD,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' RULE 50 MOTION

THIS CAUSE is before the Court upon Defendants' Motion under Rule 50 of the Federal Rules of Civil Procedure for Judgment as a Matter of Law on Plaintiff's malicious prosecution claims.  The motion was granted by the Court at the close of Plaintiff's case in the jury trial held on July 24, 2008.  The Court has carefully considered the motion, the evidence presented by Plaintiff, the oral arguments of Plaintiff and Defendant's counsel, and is otherwise fully advised in the premises.

I.  BACKGROUND

Plaintiff filed a civil rights action against various defendants, including Broward County Deputy Sheriffs Armando Enrique, Mary Anne Letterieri, Brian McDonald, and Persac, Sergeant Owens, Broward County Sheriff Ken Jenne, and Assistant State Attorney Mary Anne Bell (actually Marianne C. Bell).  The claim against Bell, for malicious prosecution, was previously dismissed based upon absolute immunity [DE 54], while the claim against Persac for excessive force was also previously dismissed based upon the running of the statute of limitations [DE 22].  The claims against Letterieri were dismissed for failure to serve, while the claims against Jenne and Owens were dismissed

based upon statute of limitations [DE 81]. Most of the claims against Deputies Enrique and McDonald were also dismissed for similar reasons [DE 81]. The remaining claims for malicious prosecution under § 1983 against Deputies Enrique and McDonald went to trial on July 24, 2008.

The malicious prosecution claims against Armando Enrique and Brian McDonald were based upon Plaintiff's allegation that they signed an affidavit alleging Plaintiff kept victim Cynthia Stokell in a cage but then stated at his criminal trial they had no knowledge of that conduct.[1] At the trial before the undersigned, Plaintiff called as witnesses the Defendant police officers, Armando Enrique and Brian McDonald, as well as Marianne C. Bell, the prosecutor in the state court criminal action. Plaintiff did not testify on his own behalf, though he was given the opportunity to do so.

Plaintiff elicited testimony from the officers regarding their actions at Plaintiff's residence upon responding to a 911 call regarding a missing elderly adult. The Defendants testified about the conditions they saw at Plaintiff's house. They conceded that though they met the alleged victim, Cynthia Stokell, they did not see her being abused. Assistant State Attorney Bell testified that she decided to bring the prosecution of Plaintiff, based upon the reports she received from investigators. She was not asked what reports she relied upon and did not testify whether she relied upon the affidavits filed by Defendants Enrique and/or McDonald. None of the reports or affidavits, including those of Enrique and/or McDonald, which supposedly form the basis of these

---

[1] In Plaintiff's underlying criminal trial, he was acquitted of this charge, though in the same trial, he was convicted of aggravated elderly abuse of his father and sentenced to fifteen years in prison.

2

claims, were introduced into evidence.

## II.  DISCUSSION

Rule 50 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> (a) Judgment as a Matter of Law.
>
>   (1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.
>
>   (2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury.  Such a motion shall specify the judgment sought an the law and the facts on which the moving party is entitled to judgment.

See Bogle v. Orange County Bd. Of County Commissioners,162 F.3d 653 (11th Cir. 1998).

In evaluating a defendant's Rule 50 motion, made at the close of the plaintiff's case, the Court must consider all the evidence in the light most favorable to the plaintiff and grant the plaintiff the benefit of all reasonable inferences.  Id. (citing Richardson v. Leeds Police Dep't, 71 F.3d 801, 805 (11th Cir.1995)).  Judgment as a matter of law is appropriate only if the facts and inferences "point so overwhelmingly in favor of the movant ... that reasonable people could not arrive at a contrary verdict."  Id. (citing Richardson, 71 F.3d at 805).

The elements of a claim under Section 1983 for a malicious prosecution claim include proving that the Defendants were the legal causation of the criminal prosecution and that the prosecution lacked probable cause.  Scozari v. Barone, 546 So.2d 750, 751

(Fla. 3rd DCA 1989).  As mentioned above, there is no evidence that ASA Bell relied upon sworn statements from these Defendants.  While she did testify that she relied upon reports from investigators in making the decision to prosecute, the Court cannot make the inference that she relied on the affidavits of Defendants Enrique or McDonald, as the record shows that a Detective Lettereri also was on the case.

As for the absence of probable cause, the Defendants testified that although they met Cynthia Stokell and she did not complain of abuse (and that they reclassified the 911 call as only a "suspicious activity" report), they also saw deplorable living conditions at Plaintiff's residence where it appeared someone was living.  Thus, even taking all inferences in the light most favorable to the Plaintiff, the evidence does not show an absence of probable cause.

The Court therefore concludes that there is no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on his claims for malicious prosecution against Defendants Enrique and McDonald.  Judgement as a matter of law on these claims will be entered against Plaintiff.[2]

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's *ore tenus* Motion for Judgment as a Matter of Law is hereby **GRANTED**, for the reasons expressed on the record at the close of the evidence and in this Order;

---

[2] All of the other claims against these Defendants and others have previously been dismissed.  The Court will enter final judgment as to all claims in a separate document.

2. The Court will separately enter final judgment in favor of the Defendants, and against the Plaintiff.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of July, 2008.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

Willie Smith, pro se

Alain Boileau, Esq./Robert Schwartz, Esq.